UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EMPIRE TRUST, *et al.,*

       Plaintiffs.                              Case No.: 7:24-00859-KMK

v.

JOSEPH R. CELLURA, *et al.,*

       Defendants.

---

### DEFENDANTS JOSEPH R. CELLURA AND EMILIA BAER CELLURA'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISQUALIFY

 

**LIPPES MATHIAS LLP**

Richard M. Scherer, Jr. Esq.
Tessa R. Scott, Esq.
Attorneys for Defendants
Joseph R. Cellura and Emilia Baer Cellura
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
P: 716-853-5100
F: 716-853-5199
E: rscherer@lippes.com
E: tscott@lippes.com

## INTRODUCTION

Defendants Joseph R. Cellura ("Cellura") and Emilia Baer Cellura ("Ms. Cellura" and collectively "Defendants") move to disqualify Plaintiffs' counsel Douglas R. Dollinger and the Law Offices of Douglas R. Dollinger, P.C. & Associates (collectively "Dollinger"). As set forth below, Dollinger must be disqualified from representing Plaintiffs in this action due to the presence of an unethical and un-waivable conflict of interest.

As set forth in Defendants' April 1, 2024 Letter Motion (Doc. 20), Dollinger is currently counsel of record for Cellura in an action pending in this District, captioned *Admi Inc., Tarsin Mobile Inc., by their CEO, Joseph R. Cellura and Joseph R. Cellura v. Allen D. Moyer and Admi Incorporated* (S.D.N.Y. Case No. 22-cv-09339) ("Moyer Action"). Moreover, until recently, Dollinger actively represented Cellura in dozens of matters that spanned the past fifteen years, many of which involved the governance and acquisition of assets by ADMI, Inc., a Nevada corporation ("ADMI"), which is a named Plaintiff in the Moyer Action. In this regard, there is unquestionably a conflict of interest.

Further, as set forth below, on December 11, 2023, Defendants (in their capacity as "Clients") and Dollinger executed a Mutual Settlement Agreement with Release of Claims ("Settlement"), in which Dollinger acknowledged his legal representation, counseling, and services over the course of the past several years and indicated that any such attorney-client privileged information would be maintained in accordance with the applicable state laws. *See* the Declaration of Joseph P. Cellura ("Cellura Dec."). Defendants do not intend to waive the privilege or release Dollinger from their obligations to strictly maintain the privilege in accordance with state law.

1

Yet, only two months after the parties executed the Settlement, Dollinger agreed to represent Defendants' adversaries in the instant action and filed this action as counsel for Plaintiffs.

It is uncontroverted that Dollinger filed the instant action against Defendants while still actively representing Cellura in the Moyer Action. By simultaneously serving as counsel of record for Plaintiffs in this action and representing Cellura in the Moyer Action, Dollinger has a direct, unwaivable, and unethical conflict of interest which disqualifies them from representing the Plaintiffs in this action.

## STATEMENT OF RELEVANT FACTS

1. On November 2, 2022, Dollinger filed a complaint in the Federal Court for the Southern District of New York on behalf of plaintiffs ADMI and Cellura against Allen Moyer ("Moyer") and ADMI Incorporated ("ADMI CA"). The Moyer Complaint is attached hereto as **Exhibit A**.

2. The Moyer Complaint alleges that Moyer and his company, ADMI CA sought to interfere with ADMI licensing agreement with Authentic Brand Group ("ABG") for the use of the name Sports Illustrated Resorts, as well as other business arrangements, by falsely claiming that ADMI was impersonating ADMI CA. Ex. A, ¶¶17, 35 61-64, 76.

3. On December 11, 2023, Defendants and Dollinger executed the Settlement, in which Dollinger accepted a substantial financial payment in exchange for his agreement to end the pre-existing attorney-client relationship.[1] *See* Cellura Dec.

4. Among other things, Dollinger agreed that Defendants "own and maintain the attorney-client privilege in accordance with the applicable state laws. [Defendants] do not intend

---

[1] The Settlement contains a confidentiality provision. If the Court wishes to review same, Defendants will file same under seal.

2

to waive the privilege or release Dollinger from his obligations to strictly maintain the privilege in accordance with state law." *See* Cellura Dec. ¶10.

5. On February 8, 2024, Dollinger filed the instant complaint in this District on behalf of Plaintiffs Empire Trust, LLC, ADMI Inc., Banyon International Corp. n/k/a Global Brands Capital Corporation, Sir Inc., Bruce Houle, Michael Ghiselli, and against Defendants and Malibu 55 Inc. (Doc. 6).

6. The subject Complaint includes allegations that Cellura misappropriated the proceeds of ADMI's subsequent sale of its majority interest in the Sports Illustrated license obtained from ABG. (Doc. 6, at ¶38).

## **LEGAL STANDARD**

"In deciding whether to disqualify an attorney, a district court must balance 'a client's right freely to choose his counsel' against 'the need to maintain the highest standards of the profession.'" *GSI Commerce Solutions, Inc. v. BabyCenter L.L.C.,* 618 F.3d 204, 209 (2d Cir. 2010) (quoting *Hempstead Video, Inc. v. Incorporated Village of Valley Stream,* 409 F.3d 127, 132 (2d Cir. 2005). The focus of inquiry is on whether an attorney's conduct would "tend[ ] to taint the underlying trial." *Bd. of Educ. v. Nyquist,* 590 F.2d 1241, 1246 (2d Cir. 1979). A "risk of trial taint" exists when "the attorney is in a position to use privileged information acquired in the representation of a client against that client in another matter," *Universal City Studios, Inc. v. Reimerdes,* 98 F.Supp.2d at 455, or when "there is a significant risk that the conflict will affect the attorney's ability to represent his or her client with vigor." *Id.* The "guiding principle in considering motions to disqualify counsel is safeguarding the integrity of the court proceedings." *United States Football League v. Nat'l Football League,* 605 F.Supp. 1448, 1452 (S.D.N.Y. 1985)

3

Although motions to disqualify counsel are viewed with disfavor because of their vulnerability to abuse as litigation tactics, "any doubt is to be resolved in favor of disqualification." *Hull v. Celanese Corp.,* 513 F.2d 568, 571 (2d Cir. 1975). When evaluating disqualification issues, federal district courts in New York consult the ABA Model Rules of Professional Conduct and the New York Rules of Professional Conduct for guidance. *Reyes v. Golden Krust Caribbean Bakery, Inc.*, 2016 WL 4708953, at *7 (S.D.N.Y. Sept. 1, 2016). However, as the authority to disqualify an attorney is a function of the Court's inherent supervisory power, those rules provide guidance, but are not binding. *Hempstead Video,* 409 F.3d at 132. Therefore, "not every violation of a disciplinary rule will necessarily lead to disqualification," and, conversely, disqualification may be justified even in the absence of a clear ethical breach "where necessary to preserve the integrity of the adversary process..." *Board of Education v. Nyquist,* 590 F.2d 1241, 1246 (2d Cir. 1979).

Where a conflict is alleged, "[t]he standard for disqualification varies depending on whether the representation is concurrent or successive." *Hempstead Video,* 409 F.3d at 133. "Concurrent representation is *prima facie* improper," and though an attorney can overcome the presumption of impropriety by "show[ing], at the very least, that there will be no actual or apparent conflict in loyalties or diminution in the vigor of his representation," that burden is "so heavy that it will rarely be met." *GSI Commerce Solutions,* 618 F.3d at 209 (internal quotation marks

4

omitted). Rules 1.7[2] and 1.8[3] of the New York Rules of Professional Conduct include a similarly high standard. It is insufficient to show that the two matters upon which an attorney represents existing clients are unrelated. "The lawyer who would sue his own client, asserting in justification the lack of 'substantial relationship' between the litigation and the work he has undertaken to perform for that client, is leaning on a slender reed indeed." *Cinema 5, Ltd. v. Cinerama, Inc.,* 528 F.2d 1384, 1386 (2d Cir. 1976).

Disqualification may also be appropriate in cases of successive representation. *Hempstead Video,* 409 F. 3d at 133. In such cases, an attorney may be disqualified where: (1) the moving party is a former client of the adverse party's counsel; (2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and (3) the attorney whose disqualification is sought had access to, or was likely to have had access to, relevant privileged information in the course of his prior representation of the client. *Id.* Rule 1.9 of the New York Rules of Professional Conduct imposes similar restrictions on attorneys seeking to represent parties opposed to a former client.[4] *Hempstead Video,* 409 F. 3d at 133.

---

[2] 2 RULE 1.7. Conflict of Interest: Current Clients

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if a reasonable lawyer would conclude that either: (1) the representation will involve the lawyer in representing differing interests; or (2) there is a significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property or other personal interests.

[3] RULE 1.8. Current Clients: Specific Conflict of Interest Rules

(b) A lawyer shall not use information relating to representation of a client to the disadvantage of the client unless the client gives informed consent, except as permitted or required by these Rules.

[4] RULE 1.9. Duties to Former Clients

Even in cases where there is no evidence of any actual detriment, "the first client is entitled to freedom from apprehension and to certainty that his interests will not be prejudiced in consequence of representation of the opposing litigant by the client's former attorney." *AVRA Surgical, Inc. v. Dualis MedTech GmbH*, 2014 WL 2198598, at *4 (S.D.N.Y. May 27, 2014) (quoting *Cardinale v. Golinello*, 43 N.Y.2d 288, 296 (1977)). "The standards of the profession exist for the protection and assurance of the clients and are demanding; an attorney must avoid not only the fact, but even the appearance, of representing conflicting interests." *Id.*

## ARGUMENT

**A.     Dollinger's Participation as Counsel for Plaintiffs Is a Direct and Unavoidable Conflict of Interest.**

Dollinger's representation of Plaintiffs in this matter against Cellura and Mrs. Cellura violates both concurrent and successive representation ethical standards. First, Dollinger's conduct runs afoul of the principles of concurrent representation because Dollinger is currently counsel of

---

(a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.
(b) Unless the former client gives informed consent, confirmed in writing, a lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client:
> (1) whose interests are materially adverse to that person; and
> (2) about whom the lawyer had acquired information protected by Rules 1.6 or paragraph
> (c) of this Rule that is material to the matter.

(c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly *324 represented a client in a matter shall not thereafter:
> (1) use confidential information of the former client protected by Rule 1.6 to the disadvantage of the former client, except as these Rules would permit or require with respect to a current client or when the information has become generally known; or
> (2) reveal confidential information of the former client protected by Rule 1.6 except as these Rules would permit or require with respect to a current client.

6

record *for* Cellura as a plaintiff in the Moyer Action, while Dollinger simultaneously represents the Plaintiffs in the present lawsuit *against* Cellura. Dollinger's continued representation in the present matter alone warrants disqualification and is a clear violation of Rules 1.7 and 1.8 of the New York Rules of Professional Conduct.

1. *Dollinger's Representation Violates the Ethical Standards for Successive Representation.*

As confirmed by Dollinger in the Settlement, over the last several years, Dollinger has represented Cellura in dozens of matters ranging from litigation to securities issues to contract negotiation. Dollinger's extensive history of representing Cellura provides him with access to considerable privileged information regarding Cellura's past personal and professional dealings, specifically including those at issue in this dispute related to the control of ADMI, Inc. Indeed, as set forth in the Moyer Complaint, Dollinger represented Cellura in the negotiation, creation, and execution of the many of the agreements giving rise to the ADMI disputes that are pending both in this case and the Moyer Action. Dollinger acknowledged in the Settlement that he was in possession of sensitive attorney-client privileged information. *See* Cellura Dec. ("Clients do not intend to waive the privilege or release Dollinger from his obligations to strictly maintain the privilege in accordance with state law."). As such, Dollinger has admitted that they have access to privileged attorney-client information, which Dollinger covenanted not to disclose or use to Cellura's detriment.

Any claim by Dollinger that they never obtained any sensitive or confidential information from or about Cellura during his 15 years of prior representation that could prejudice him in the present case is squarely refuted by the Settlement. Regardless, Cellura has good reason to be apprehensive that his interests may be compromised by Dollinger's considerable insider knowledge of Cellura's personal and business dealings. Given the high ethical standards of the

profession, even the appearance of impropriety is sufficient to disqualify Dollinger from representing clients and positions adverse to their former client.

Dollinger's prior representations of Cellura satisfy the factors enumerated in *Hempstead Video* in favor of disqualification, maintains the appearance of a present conflict of interest, and creates a reasonable apprehension that Defendants will be disadvantaged. Dollinger's continued participation in the present matter is improper.

**B.      Even If Dollinger Were Permitted to Withdraw in the Moyer Action, He Would Still Be Disqualified Under Rule 1.9.**

Dollinger may now make efforts to withdraw as counsel of record for Cellura in the Moyer Action, in an effort to convert Cellura from a concurrent client to a former client. This will not cure the conflict. With respect to former clients, Rule 1.9 of the New York Rules of Professional Conduct states.

> *(a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the **same or a substantially related matter** in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.*
>
> *(b) Unless the former client gives informed consent, confirmed in writing, a lawyer shall not knowingly represent a person in the **same or a substantially related** matter in which a firm with which the lawyer formerly was associated had previously represented a client:*
> *(1) whose interests are materially adverse to that person; and*
> *(2) about whom the lawyer had acquired information protected by Rules 1.6 or paragraph (c) of this Rule that is material to the matter.*

Matters are "substantially related if they involve the same transaction or legal dispute or if, under the circumstances, a reasonable lawyer would conclude that there is otherwise a substantial risk that confidential factual information that would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter." RPC 1.9, Comment 3. Comment 3 provides the relevant example of a lawyer, who after representing a

8

businessperson and learning extensive private financial information, would not then be permitted to represent that person's spouse in seeking a divorce. Information that has been disclosed to the public or to other parties adverse to the former client ordinarily will not be disqualifying. Information acquired in a prior representation may have been rendered obsolete by the passage of time, a circumstance that may be relevant in determining whether two representations are substantially related. On the other hand, knowledge of specific facts gained in a prior representation that are relevant to the matter in question ordinarily will preclude such a representation.

1. *The Moyer Action and the Instant Case Involve the Same or Substantially Related Matters.*

The facts and circumstances of the instant case are currently being litigated in three separate actions. Dollinger represents ADMI Inc. and Cellura as plaintiffs in the Moyer Action, while simultaneously representing various plaintiffs, including ADMI Inc., against Cellura in this action. Meanwhile, the Moyer Defendants filed an action of their own in the United States District Court for the Northern District of California, *Moyer v. Cellura*, Case No. 23-cv-03004-SVK (the "California Action"). The California Action has been stayed pending proceedings in the Moyer Action.

Each of the three matters concern the same events, transactions and disputes, related to the pursuit of a licensing agreement with ABG for the use of the name "Sports Illustrated Resorts." The Moyer Action involves allegations—drafted and filed by Dollinger—that Allen Moyer and his company ADMI Incorporated ("ADMI CA") sought to interfere with ADMI Inc.'s ("ADMI NV") licensing agreement with ABG, as well as other business arrangements, by falsely claiming that ADMI NV was impersonating ADMI CA. Ex. 1, ¶¶17, 35 61-64,76. The Moyer Complaint also alleges that Moyer and ADMI CA conspired to coerce and extort money and securities from the

9

plaintiffs by defamatory and false statements to ADMI NV's business associates and partners. *Id.* at ¶36.

The allegations in the instant action – also drafted and filed by Dollinger – contend that Cellura sold the ADMI NV Sports Illustrated licenses without consent and then misappropriated the proceeds. (Doc. 6, ¶¶38-48). The claims at issue in this case and in the Moyer Action arise from the relationships and transactions between ADMI CA, ADMI NV, Cellura and Moyer, specifically in relation to the purchase and transfer of the Sports Illustrated Licensing agreement. Dollinger is a key figure in all of these transactions, who not only provided counsel and representation to Cellura, ADMI NV, and various other named parties, he actively participated in the negotiation and drafting of a number of the written agreements at issue in the disputes. His privileged position undoubtedly provided him confidential factual information relevant to current dispute that would materially advance his current clients' position and interests to the detriment of the duties he owes to Cellura and Mrs. Cellura. Thus, Rule 1.9 mandates disqualification.

## **CONCLUSION**

Dollinger's representation in this matter is *prima facie* improper, violates the New York Rules of Professional Conduct, and poses a significant risk of trial taint. Defendants respectfully request that Dollinger be disqualified as counsel for the Plaintiffs.

Date: June 10, 2024

                         **LIPPES MATHIAS LLP**

                         *s/ Richard M. Scherer, Jr.*
                         Richard M. Scherer, Jr., Esq.
                         Tessa R. Scott, Esq.
                         Attorneys for Defendants
                         Joseph R. Cellura and Emilia Baer Cellura
                         50 Fountain Plaza, Suite 1700
                         Buffalo, NY 14202
                         P: 716-853-5100
                         F: 716-853-5199
                         E: rscherer@lippes.com
                         E: tscott@lippes.com